THE GRAVES FIRM
ALLEN GRAVES (SB# 204580)
ELIZABETH SULLIVAN (SB# 212482)
790 E. Colorado Blvd., 9th Floor
Pasadena, CA 91101
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorney for Plaintiff
Jim Swain

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jim Swain,<br><br>        Plaintiff,<br><br>    v.<br><br>Ryder Integrated Logistics, Inc. and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 3:10-cv-04192-CRB<br><br>**AMENDED [PROPOSED] ORDER:**<br><br>**(1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;**<br><br>**(2) DIRECTING DISTRIBUTION OF NOTICE OF SETTLEMENT AND CLAIM FORM; AND**<br><br>**(3) SETTING HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**<br><br>Hearing Date: June 29, 2012<br>Time:      10:00 a.m.<br>Dept.:      6<br>Judge:     Hon. Charles R. Breyer |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

Plaintiff's Motion for Preliminary Approval of Class Action Settlement came before this Court, the Honorable Charles R. Breyer presiding, on June 29, 2012.  Having considered the pleadings and all supporting legal authorities and documents, **IT IS HEREBY ORDERED THAT:**

1. All defined terms contained in this Order shall have the same meaning as set forth in the Joint Stipulation of Settlement and Release ("Settlement Stipulation"), executed by the Parties and attached to the Declaration of Allen Graves as Exhibit One.

2. The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Stipulation.  The Court finds on a preliminary basis that the proposed settlement described in the Settlement Stipulation (including the monetary provisions, the plan of allocation, the release of claims, and the proposed award of attorneys' fees and costs) falls within the range of reasonableness, and therefore grants preliminary approval of the settlement.  Based upon a review of the papers submitted, the Court finds that the settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims, is recommended by Class Counsel and is thus presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

3. For settlement purposes only, pursuant to Fed. R. Civ. Proc. 23(a) & 23(b)(3), the Court conditionally certifies the following Settlement Class:  All individuals who were employed by Ryder Integrated Logistics, Inc. ("Ryder Logistics") as drivers and in hourly-paid positions at any Ryder Logistics warehouse or driver locations in California, between August 13, 2006 and the date of this Order granting preliminary approval, except that drivers who became employed by Ryder Logistics as a result of the acquisition of Scully Distribution Services, Inc. (the "Scully Acquisition") and drivers

hired after the Scully Acquisition to service Team 86 (legacy Scully) accounts, are excluded from the Settlement Class. These drivers are covered by the proposed settlement that has been granted preliminary approval in the following cases: *Carranza v. Scully Distribution Services, Inc.*, San Bernardino Superior Court Case No. CIVDS1017646; and *Rodriguez v. Scully Distribution Services, Inc.*, Los Angeles Superior Court Case No. BC456322.

4. Where, as here, the Parties reach a settlement agreement prior to class certification, a district court must first assess whether a class exists for settlement purposes. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Under the law regarding class settlement, the parties can stipulate that the defined class be conditionally certified for settlement purposes only. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against Ryder Logistics, or in this Action if the Settlement is not finally approved or Final Judgment is not entered.

5. With respect to the Settlement Class, the Court finds, for settlement purposes only, that the proposed class meets the requirements of numerosity, commonality and typicality to justify certification and that there is adequate and fair representation.

6. A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, and the Class Representative's Service Payment should be finally approved as fair, reasonable, and adequate as to the Settlement Class is scheduled for November 9, 2012 at 10:00 a.m. in the Courtroom of the Honorable Charles R. Breyer, Department 6.

7. The Court approves, as to form and content, the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Class Notice"), Claim Form & Release ("Claim Form") and Claim Form & Release Reminder ("Reminder Notice") attached hereto. The Court approves the procedure for Settlement Class Members to participate in, opt out of, and to object to the Settlement as set forth in the Settlement Stipulation.

8. The Court approves the appointment of Allen Graves as Class Counsel for purposes of settlement.

9. The Court approves the appointment of Jim Swain as Class Representative for purposes of settlement.

10. The Court approves the appointment of Kurtzman Carson Consulting as Settlement Administrator. Promptly following the entry of this Order, the Settlement Administrator will prepare final versions of the Class Notice, Claim Form and Reminder Notice incorporating the relevant dates and deadlines set forth in this Order. The Settlement Administrator will administer the applicable provisions of the Settlement Stipulation, including but not limited to, distributing and providing the Class Notice, receiving and examining claims, and calculating claims against the Net Distribution Amount. Upon Final Approval, the Settlement Administrator will also prepare and issue all payments from the Total Settlement Amount including disbursements of the Net Distribution Amount to qualified Settlement Class Members, and handle inquiries about the calculation of Individual Settlement Amounts.

11. The Court directs the mailing of the Class Notice and Claim Form by first class mail to the Settlement Class Members in accordance with the schedule set below. The Court finds that the time periods selected for the mailing of the notice and the claim form, as set forth in the schedule below, satisfy the notice requirements of Rule 23(e), adequately advise Settlement Class Members of their rights under the settlement, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

12. Beginning July 20, 2012 and continuing until this matter is dismissed, the Settlement Administrator shall maintain a toll-free telephone line and website that Settlement Class Members can use to contact the Settlement Administrator if they have questions. The website shall also allow Settlement Class Members to file claim forms and track the status of a pending claim form.

13. Throughout the notice process, the Settlement Administrator will research any returned mail to find a correct address and re-mail all returned notices within five (5) days.

14. The Settlement Administrator shall maintain the Database, and all data contained within the Database, as private and confidential and shall not disclose such data to any persons or entities other than the Settlement Administrator's employees and contractors, Defendant's Counsel and agencies employed for address verification and mailing, except that relevant information may be provided to Class Counsel to the extent necessary to address a disputed claim, contact Settlement Class Members who are former employees who have failed to file a claim within the first thirty (30) days of the claims period, or to respond to a specific inquiry from a Settlement Class Member.

15. The following dates shall govern for purposes of this settlement:

- **Within fourteen days after the entry of this Order:** Defendant to provide the Settlement Administrator with a list of all Class Members, including (i) name, (ii) phone number, (iii) current or last known residence address, (iv) social security number, and (v) the number of pay periods that the Class Member worked for Defendant in California between August 13, 2006 and the date of this Order if it has not done so already.

- **Within twenty-one days after the entry of this Order:** Settlement Administrator to mail the Class Notice and Claim Form to all Class Members.

- **Within forty-five days after the entry of this Order:** Settlement Administrator to mail the Reminder Notice and Claim Form to all Class Members who have not returned a Claim Form by the date of mailing of the Reminder Notice and Claim Form.
- **Eighty-one days after the entry of this Order:** Deadline for Class Members to file a Claim Form, object to the settlement or opt out of the settlement.
- **October 16, 2012:** Deadline for Plaintiff to file motions for final approval and for approval of class representative service payment, fees and costs. The page limit for each pleading is extended to 25 pages.
- **October 23, 2012:** Deadline for Class Members to object to Plaintiff's motion for final approval of class representative service payment, fees and costs.
- **November 9, 2012 at 10:00 a.m.:** Hearing on final approval of the proposed settlement.

**IT IS SO ORDERED**, July ___5___, 2012.



Hon. Charles R. Breyer

-5-

AMENDED [PROPOSED] ORDER

**Exhibit 1**

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT
AND HEARING DATE FOR COURT APPROVAL

*Swain v. Ryder Integrated Logistics, Inc.*

United States District Court for the Northern District of California Court Case No.: 3:10-cv-04192 CRB

RYDER EMPLOYEES

IF YOU WERE EMPLOYED IN CALIFORNIA BY

RYDER INTEGRATED LOGISTICS, INC.

AS A DRIVER OR OTHER HOURLY-PAID EMPLOYEE[1]

**FROM AUGUST 13, 2006 THROUGH XXX, 2012,**

YOU ARE ELIGIBLE TO PARTICIPATE

IN A CLASS ACTION SETTLEMENT.

IN THIS SETTLEMENT, RYDER WILL MAKE A TOTAL PAYMENT OF

1.2 MILLION DOLLARS.

TO RECEIVE YOUR SHARE OF THE SETTLEMENT MONEY,

YOU MUST

**SUBMIT YOUR CLAIM FORM**

**BY XXXX 2012.[2]**

You are receiving this notice because the court has granted preliminary approval to a class-action settlement and Company records indicate that you are a class member in this settlement. Please read this notice carefully. It relates to a proposed settlement of class action litigation. It contains important information about your right to make a claim for payment or to elect not to be included in the class.

---

[1] This settlement does not cover drivers who became employed by Ryder Integrated Logistics, Inc. ("Ryder Logistics") as a result of the acquisition of Scully Distribution Services, Inc. (the "Scully Acquisition") and drivers hired after the Scully Acquisition to service Team 86 (legacy Scully) accounts.

[2] Current employees will be mailed their share of the settlement unless they opt out of the settlement.

As a class member, you have three choices:

1) **You may file a Claim Form.**  If you file a Claim Form you will be eligible to receive a payment and upon final approval of the settlement you will give up your right to sue for the claims described below.  If you are currently employed by Ryder Logistics and you do not choose to be excluded from the Settlement (choice 2), you will be treated as a having filed a valid and timely Claim Form regardless of whether or not you actually file a Claim Form.  However, if you are no longer employed by Ryder Logistics, you must actually submit a valid and timely Claim Form in order to be eligible to receive a share of the Net Distribution Amount (as defined in Section II.A.).

2) **You may submit a written request to be excluded from the settlement.**  If you make a request to be excluded, you will not receive any money, and you will not give up any rights you may have.

3) **You may do nothing.**  If you do nothing you will **not** be eligible to receive any money (unless you are a current employee of Ryder Logistics), but upon final approval of the settlement you will still give up any right you may have to sue for the claims described below.

IF YOU ARE NOT CURRENTLY EMPLOYED BY RYDER LOGISTICS, YOU MUST FILE A CLAIM FORM BY XXXXX, 2012 IN ORDER TO BE ELIGIBLE TO RECEIVE A PAYMENT.

## I.     BACKGROUND OF THE CASE

Class Representative Jim Swain filed a Lawsuit in Alameda County Superior Court on August 13, 2010.  The Class Representative filed the Lawsuit as a Class Action on behalf of drivers and other hourly employees who worked for Ryder Logistics in California at any time since August 13, 2006.  In the Lawsuit, the Class Representative alleged the following claims:  (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay all wages due under section 226.7 of the California Labor Code; (4) failure to pay wages under section 204 of the California Labor Code; (5) failure to timely pay wages upon termination; (6) failure to provide accurate itemized wage statements; and (7) unfair competition.  Over the course of the Lawsuit, the Class Representative has asserted claims for unpaid wages, statutory penalties (including waiting time penalties), civil penalties under the Private Attorneys General Act, record keeping violations, overtime liability resulting from the alleged automatic deduction of time for meal periods from employee work hours, disgorgement of illicit profits, restitution, interest, attorneys' fees, and costs.   Ryder Logistics denies all of the material allegations in this Lawsuit, and denies that it has violated any wage and hour obligations it has to its drivers and other hourly employees.

The parties litigated this case for over a year before reaching settlement.  The litigation included extensive discovery and review of more than 13,000 time records.  Ryder Logistics and the Class Representative participated in two days of mediation before a neutral third party, Joel Grossman, a respected mediator.  As a result of the settlement discussions, a settlement was reached in the Lawsuit.

The proposed Settlement Class includes all individuals who were employed by Ryder Logistics as drivers and in hourly-paid positions at any Ryder Logistics warehouse or driver locations in California, between August 13, 2006 and XXXX, 2012 (the Covered Time Frame).  The settlement does not cover drivers who became employed by Ryder Logistics as a result of the acquisition of Scully Distribution Services, Inc. (the "Scully Acquisition") and drivers hired after the Scully Acquisition to service Team 86 (legacy Scully) accounts.  These employees are covered by a separate proposed settlement in the following cases:  *Carranza v. Scully Distribution Services, Inc.*, San Bernardino Superior Court Case No. CIVDS1017646; and *Rodriguez v. Scully Distribution Services, Inc.*, Los Angeles Superior Court Case No. BC456322.  The Class Representative objected to preliminary approval of the settlement in the Scully cases, but the court rejected the Class Representative's objection.

## II.    SUMMARY OF THE PROPOSED SETTLEMENT

### A.            Settlement Formula

If the settlement is granted Final Approval, the Total Settlement Amount will be One Million Two Hundred Thousand Dollars ($1,200,000).  Before the Settlement Class Members are paid, the following sums will be deducted from the Total Settlement Amount:  (1) $5,000 to be paid to the California Labor and Workforce Development Agency ("LWDA"); (2) Class Counsels' attorney fees and documented litigation costs in amounts set by the Court; (3) a possible service payment to Class Representative in an amount set by the Court; and (4) a reasonable amount to the Settlement Administrator to administer the settlement.  Class Counsel will request fees of up to $400,000 and estimates

his out-of-pocket costs at $70,000.  The Class Representative will seek a service payment of up to $20,000.  The amount of the Total Settlement Amount remaining after these payments is called the "Net Distribution Amount."

There are approximately X,XXX Settlement Class Members.  Each Settlement Class Member who submits a timely, valid Claim Form will be paid a portion of the Net Distribution Amount.  The portion of the Net Distribution Amount that each Settlement Class Member receives will be based upon the number of pay periods worked in California by the Settlement Class Member between August 13, 2006 and DATE.  Each pay period worked during this time period is worth one credit for individuals employed in non-driver hourly-paid positions by Ryder Logistics and two credits for individuals employed as drivers by Ryder Logistics.  Fifty percent (50%) of each payment to a Class Member will be treated as W2 wages and 50% will be treated as "other income" for which the Class Member will receive an IRS form 1099 if the amount of the payment requires a form 1099.

A Settlement Class Member may submit a Claim Form or may elect not to participate in the settlement by timely filing a request for exclusion.  Any Settlement Class Member who does not timely submit a Claim Form (except for current employees) and any Settlement Class Member who requests exclusion will not receive any monies paid out under the settlement.  Any Settlement Class Member who does not request exclusion will still be bound by the terms of the settlement as to his or her claims.

**B.**          **Release**

Upon the Final Approval Date, each Settlement Class Member (other than those who timely request exclusion), will fully release and discharge Ryder Logistics and its former and present parent companies, subsidiaries, divisions, and related or affiliated companies, and its and their shareholders, officers, directors, employees, partners, agents, representatives, attorneys, insurers, successors and assigns, and any individual or entity that could be jointly liable with any of the foregoing ("Released Parties") from all claims that were raised in the Lawsuit, including allegations made in connection with the mediation.  The release will include any claims arising from the parties' respective prosecution and/or defense of this litigation.  The release will apply to the Covered Time Frame, as well as, for Settlement Class Members who submit an executed Claim Form, the period up to the date that the Claim Form is postmarked, and includes any cause of action alleged in the Complaint as well as any claim based on failure to maintain records of the work hours or meal breaks of the Settlement Class members, based on failure to list earned wages, hours worked, the number of piece rate units earned and any applicable piece rate on a wage statement, based on automatic deductions of meal periods from employee work hours, or based on failure to pay the Settlement Class for working during meal breaks or rest breaks, including failure to pay overtime premium resulting from automatic deductions from employee work hours for meal breaks that were not actually taken ("Released Claims").

The release will cover all remedies that could be claimed for the released claims described above including but not limited to, statutory, constitutional, contractual and common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.  The release will cover all statutory violations that could be claimed for the causes of action described in the Action including but not limited to, the federal Fair Labor Standards Act; the California Labor Code Sections 96 through 98.2 et seq., the California Payment of Wages Law, and in particular, California Labor Code §§200 et seq., including California Labor Code §§200 through 243, and §§201, 202, 203, 204, 210, 218, 218.5, 218.6, 226(a), 226.3 and 226.7 in particular; California Labor Code §§300 et seq.; California Labor Code §§400 et seq.; California Working Hours Law; California Labor Code §§500 et seq., including but not limited to §512 and §558; California Labor Code §1194; California Labor Code §1198; California Labor Code §1199; the California Unfair Competition Act, and in particular, California Business & Professions Code §§17200 et seq.; the PAG Act, codified at California Labor Code §§2698 et seq.; California Code of Civil Procedure §1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.  The release is intended to cover all claims for penalties resulting from Released Claims.  Where a penalty can be assessed only once for a given Individual Pay Period and the penalty and Individual Pay Period are covered by this release, the penalty for that Individual Pay period will be completely released regardless of the claim from which it results.  Nothing in this paragraph is intended to expand the scope of the release applicable to the Settlement Class Members as described in the preceding paragraph.

This release of claims includes claims that a Settlement Class Member does not know or suspect to exist in his or her favor against the Released Parties as of the Final Approval Date.  Each Settlement Class Member, including the Class Representative, waives all rights and benefits afforded by Section 1542 of the California Civil Code as to unknown claims and does so understanding the significance of that waiver.  Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time

of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Nothing in this paragraph is intended to expand the scope of the release applicable to the Settlement Class Members as described in the preceding paragraphs.

**C.**     **Submitting a Claim**

**Online:** You may complete a Claim Form online at www.address.com. You should have your Claim Form with you when you go online.

**By Mail:** To file a claim by mail, complete, sign and date the enclosed Claim Form and Release ("Claim Form") and return it by first class mail to:

> Ryder Settlement Administrator
> c/o Administrator Name
> Admin Address

The Claim Form must be completed online or mailed to the Settlement Administrator with a postmark no later than XXXXX, 2012. The Claim Form has the postage pre-paid. If you send it in an envelope, do not use a postage meter as that may not result in a postmark appearing on your Claim Form. If a timely submitted Claim Form is incomplete, i.e., some required information is missing, the Settlement Administrator will send you a deficiency notice and you must return the fully completed Claim Form within seven (7) days after the date of the deficiency notice. If you lose or otherwise need another Claim Form, contact the Settlement Administrator.

The amount you will be eligible to receive for your claim will be based on the number of pay periods that you worked as a driver or as a non-driver hourly employee for Ryder Logistics in California during the Covered Time Frame. The number of pay periods you worked as a driver or as a non-driver hourly employee is shown on your Claim Form. To dispute the pay periods shown on the Claim Form, you must file your Claim Form with a challenge stating what you believe are the correct number of pay periods that you worked, and you must include evidence establishing the work weeks that you contend are correct. The matter will be decided by the Settlement Administrator whose decision will be final as to the weeks worked and total earnings received.

Because the entire Net Distribution Amount is being paid out, the amount received by each Settlement Class Member who files a Claim Form will increase if less than 100% of Settlement Class Members file Claim Forms.

**D.**     **Excluding Yourself from the Settlement**

**IMPORTANT:** If you do not wish to participate in the settlement, you may exclude yourself by writing to the Settlement Administrator and stating your request to be excluded. Your request must be signed and include your name, address, telephone number, and employee identification number or the last four digits of your Social Security Number. It must then be sent by first class U.S. mail, or the equivalent, to:

> Ryder Settlement Administrator
> c/o Administrator Name.
> Admin Address

The request for exclusion must be postmarked no later than XXXXX, 2012. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your request for exclusion. Any person who files a complete and timely request for exclusion will no longer be a Settlement Class Member, will not be able to object to the settlement, and will not receive any money from the settlement. If you file both a Claim Form and a request for exclusion you will not be excluded.

**E.**     **Objection to Settlement**

You can object to the terms of the settlement before final approval only if you do not request exclusion from the settlement. However, if the Court rejects your objection, you will still be bound by the terms of the settlement. You can both object and file a Claim Form. To object, you must file a written objection and a notice of intention to appear at the final approval hearing currently set for November 9, 2012 at 10:00 a.m. in the Courtroom of the Honorable Charles R. Breyer, with the Clerk of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, and send copies to the following:

| | |
|---|---|
| **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
| Allen Graves, Esq. | John S. Battenfeld |
| The Graves Firm | Morgan, Lewis & Bockius LLP |
| 790 E. Colorado Blvd., 9th Floor | 300 South Grand Ave., 22nd Floor |
| Pasadena, CA  91101 | Los Angeles, CA  90071-3132 |

Any written objections must be in writing and explain the basis for the objection.  Your objection must also include your full name and contact information, and reference this case, *Swain v. Ryder Logistics, Inc.* case number 3:10-cv-04192 CRB.  To be valid and effective, any objections to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than XXXXX.  Objections to the class representative service payment, fees or costs must be submitted no later than October 23, 2012.

**DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK.**

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS IF YOUR OBJECTION IS DENIED, YOU MUST TIMELY FILE A CLAIM FORM AS EXPLAINED ABOVE IF THE COURT APPROVES THE SETTLEMENT, AND YOU DO NOT HAVE A CLAIM FORM ON FILE, YOU WILL NOT RECEIVE ANY SETTLEMENT PROCEEDS (UNLESS YOU ARE A CURRENT EMPLOYEE).**

### III.     FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the Courtroom of the Honorable Charles R. Breyer of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, on November 9, 2012 2012 at 10:00 a.m., to determine whether the settlement should be finally approved as fair, reasonable, and adequate.  The hearing may be continued without further notice to the Settlement Class.  **It is not necessary for you to appear at this hearing unless you have timely filed an objection with the Court.**

### IV.     ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you should consult the detailed "Joint Stipulation of Settlement and Release" which is on file with the Clerk of the Court.  The pleadings and other records in the Lawsuit may be examined during regular business hours at the Office of the Clerk of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  You can also get information from the Settlement Administrator or Class Counsel:

| | |
|---|---|
| Ryder Settlement Administrator<br>Admin Address<br>Admin Address<br>Admin Phone<br>Admin Website | The Graves Firm<br>790 E. Colorado Blvd. 9th Floor<br>Pasadena, CA 91101<br>(626)-240-0734<br>www.gravesfirm.com |

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK.**

BY ORDER OF THE COURT.

**Exhibit 2**

| UNITED STATED DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No. 3:10-cv-04192 CRB | **Claim Form & Release** | *Swain v. Ryder Integrated Logistics, Inc.*<br>c/o Administrator Name<br>Administrator Address | *Swain v. Ryder Integrated Logistics, Inc.*<br>c/o Administrator<br>Admin Address |
|---|---|---|---|

**To Receive A Settlement Payment You Must Enter All Requested Information,
Sign And Mail This Claim Form, Postmarked On Or Before XXXX 18, 2012**

I understand and agree that by executing and submitting this Claim Form, I will be eligible to receive a payment calculated based on the information contained in the tear-off section on the right, and as stated in the Joint Stipulation of Settlement and Release and the Notice of Pendency of Class Action, Proposed Settlement and Hearting Date for Court Approval ("Class Action Notice"). If the Settlement becomes effective, and my Claim Form is timely and valid I will be mailed a payment. As a member of the Settlement Class, I will also be releasing and discharging all of the Released Claims against Ryder Integrated Logistics, Inc., and other Released Parties, and I understand that the Released Claims and Released Parties are described in Section II(B) in the Class Action Notice, which I have received and reviewed. I confirm that I am a current or former Ryder employee eligible for a settlement payment, that no other person and or entity has a claim to any settlement monies that I receive, and I understand that 50% of any money I receive from this settlement will constitute wages that will be subject to IRS Form W-2 reporting.

|||Claim #: ABC-1234567-8   Name/Address Changes (if any):

First Last
Address 1
Address 2
City, St  Zipcode

Carefully tear off stub before mailing Claim Form.

Tear off this stub
and **save** for your records.

Claim #: ABC-1234567-8
First Last
According to Ryder:
You were employed as a [driver] [non-driver] hourly employee between August 13, 2006 and XXXX, 2012 for the following number of pay periods: XXX. Each pay period worked as a driver is worth two credits, while each pay period worked as a non-driver is worth one credit. The estimated value of a credit is $X. This is an estimate. The actual value may be higher or lower. Payments will be reduced by taxes and withholdings.

If you want to challenge the number of pay periods shown above, you must send a letter with your Claim Form and include proof supporting your challenge.

IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the above address.
 To submit a claim on behalf of an estate or incapacitated person, contact the Settlement Administrator.
 If you have any questions regarding this Claim Form, contact the Settlement Administrator.

I declare under penalty of perjury that all of the above is true and correct.

Signature: _____     Home Telephone: ( _____ ) _____

Date: _____     E-mail Address: _____

**Exhibit 3**

# REMINDER

## Claim Filing Deadline:

## <mark>XXXXX</mark>, 2012

**Court-Ordered**

***Swain***

***v.***

***Ryder Integrated Logistics, Inc.***

**Class Action**

**Notice & Claim Form Inside**

*Swain v. Ryder Integrated Logistics, Inc.*
c/o Administrator
Admin Address
Admin Address

```
FIRST CLASS
   MAIL
US POSTAGE
   PAID
 Permit #__
```



Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State,  Zip Code

**According to the records of the Settlement Administrator, you are a Class Member in the above-referenced case, but have not yet filed a Claim Form.  Please be advised that the postmark deadline for filing a Claim Form is <mark>XXXX</mark>, 2012.  If you do not complete and return your Claim Form by this date, you will not receive any money under the Settlement.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Carefully separate at perforation.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**    **Claim Form & Release**
Case No. 3:10-cv-04192 CRB

*Swain v. Ryder Integrated Logistics, Inc.*
c/o Administrator
Administrator Address

Claim #: ABC-1234567-8     Name/Address Changes:

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip»  «Country»

IF YOU MOVE, send your CHANGE OF ADDRESS to Administrator at the above address.
To submit a claim on behalf of an estate or incapacitated person, contact the Settlement Administrator.

**To Receive A Payment You Must Enter All Requested Information,**
**Sign And Mail This Claim Form, Postmarked On Or Before <mark>XXXX</mark>, 2012**

I understand and agree that by executing and submitting this Claim Form, I will be eligible to receive a payment calculated based on the information contained stated in the Joint Stipulation of Settlement and Release and the Notice of Pendency of Class Action, Proposed Settlement and Hearing Date for Court Approval ("Class Action Notice").  If the Settlement becomes effective, and my Claim Form is timely and valid I will be mailed a payment.  As a member of the Settlement Class, I will also be releasing and discharging all of the Released Claims against Ryder Integrated Logistics, Inc., and other Released Parties, and I understand that the Released Claims and Released Parties are described in Section II(B) in the Class Action Notice, which I have received and reviewed.  I confirm that I am a current or former Ryder employee eligible for a settlement payment, that no other person and or entity has a claim to any settlement monies that I receive, and I understand that 50% of any money I receive from this settlement will constitute wages that will be subject to IRS Form W-2 reporting.

Signature: _____       Home Telephone: ( _____ ) _____

Date: _____               E-mail Address: _____

**REMINDER: THE DEADLINE TO MAIL YOUR CLAIM IS XXXXX, 2012.**

**UNITED STATES DISTIRCT COURT**                  *Swain v. Ryder Integrated Logistics*
**NORTHERN DISTRICT OF CALIFORNIA**                 c/o Administrator
Case No. 3:10-cv-04192 CRB                 **Administrator Address**

If you were employed as an hourly employee by Ryder
in California at any time from August 13, 2006 through XXXX 2012,
you are eligible to file a claim.

**IN THIS SETTLEMENT, RYDER WILL MAKE A TOTAL PAYMENT OF
$1.2 MILLION DOLLARS.**

To receive your share of the payment,
You must submit the attached Claim Form by XXXXX 2012.

This is only a summary. A Complete Notice that provided the details of this lawsuit and settlement was previously mailed to you. To obtain another copy of the Complete Notice, visit www.settlementwebsite.com or call toll-free 1-888-xxx-xxxx.
You can reach Class Counsel at www.gravesfirm.com or 1-(XXX)-xxx-xxxx

According to Ryder:

You were employed as a [driver] [non-driver] hourly employee between August 13, 2006 and DATE 2012 for the following number of pay periods: XXX. Each pay period worked as a driver is worth two credits, while each pay period worked as a non-driver is worth one credit. The estimated value of a credit is $X. This is an estimate. The actual value may be higher or lower. Payments will be reduced by taxes and withholdings..

If you want to challenge the number of pay periods shown above, you must send a letter with your Claim Form and include proof supporting your challenge.

**File the Attached Claim Form with a Postmark No Later Than XXXX 2012.**

_____
_____
_____

Business Reply Mail Artwork

Or

Return Mail Artwork