THE GRAVES FIRM
ALLEN GRAVES (SB# 204580)
E-mail: allen@gravesfirm.com
ELIZABETH SULLIVAN (SB# 212482)
E-mail: liz@gravesfirm.com
790 E. Colorado Blvd., 9th Floor
Pasadena, CA 91101
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorney for Plaintiff
Jim Swain

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jim Swain,<br><br>    Plaintiff,<br><br>    v.<br><br>Ryder Integrated Logistics, Inc. and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 3:10-cv-04192-CRB<br><br>**REVISED [PROPOSED] ORDER AND JUDGMENT:**<br><br>**(1) APPROVING CLASS ACTION SETTLEMENT; AND**<br><br>**(2) APPROVING APPLICATION FOR PAYMENT OF CLASS REPRESENTATIVE SERVICE PAYMENT, ATTORNEY FEES, AND COSTS**<br><br>Hearing Date:   November 9, 2012<br>Time:               10:00 a.m.<br>Dept:                6<br>Judge:              Hon. Charles R. Breyer |

This matter was heard by the Court on November 9, 2012 in Department 6 of the above-captioned Court before the Honorable Judge Charles R. Breyer pursuant to the noticed Motion for Final Approval. The Court, having considered the documents filed by the parties in connection with the class action settlement and the oral arguments of counsel, finds as follows:

1. The Court grants Final Approval of the settlement under the terms set forth in the Joint Stipulation of Settlement and Release previously preliminarily approved by this Court.

2. The Court finds that this action satisfies the requirements for class action settlement under Rule 23 and further finds that the Settlement Class has been adequately represented by Plaintiff and Class Counsel.

3. When they negotiated the instant settlement, counsel for both parties were fully informed as to the strengths and weaknesses of their respective cases. The settlement was negotiated at arms-length with the assistance of a well-respected and experienced professional mediator. The settlement was not collusive.

4. The settlement is fair, adequate, and reasonable in all respects.

5. The Settlement Administrator Kurtzman Carson Consultants LLC distributed the Notice, Claim Form, and Reminder in the form and manner agreed by the parties and ordered by this Court. This constituted the best notice possible under the circumstances.

6. There have been no objections to the instant settlement. This supports the conclusion that the settlement is fair, adequate, and reasonable.

7.   As provided in the Joint Stipulation of Settlement and Release, and except as to such rights as are created by the settlement or this Order, all Settlement Class Members who did not opt out of the Settlement have released all Released Claims against Released Parties as defined in the Joint Stipulation of Settlement and Release.

8.   The Court confirms its appointment of Jim Swain as Class Representative.

9.   The Court confirms its appointment of Allen Graves as Class Counsel.

10.  The Court finds that Class Counsel, having expended efforts to secure for the Class a common fund from which payments will be made for the benefit of the Class, is entitled to a fee.  Because the settlement provides for a true common fund, a percentage calculation is an equitable method to apply in this case, and, accordingly, the Court hereby approves the application of Class Counsel, Allen Graves, for the amount of $375,000.  The fee is equivalent to 31% of the common fund established in this case, and the Court finds that 31% is a reasonable percentage under the circumstances.  Specifically, the Court notes that a 31% fee awards Class Counsel an amount approximately equal to his hourly billings on this matter with no multiplier.

11.  Using the lodestar method as a cross-check, the Court finds that a multiplier of 1.0 is required to confirm the fee award requested by Class Counsel.  The Court finds that such a multiplier is appropriate in light of multiple factors including the fact that the terms of this settlement were favorable to the Class, the difficulty of the litigation, the experience of counsel, the risk borne by counsel, and the delay counsel experienced in payment for services.

12.  The Court finds that Class Counsel Allen Graves' hourly rate of $580 per hour is reasonable and appropriate in light of counsel's skill and experience.

13. The Court finds that Class Counsel Elizabeth Sullivan's hourly rate of $450 per hour is reasonable and appropriate in light of counsel's skill and experience.

14. The Court finds that Class Counsel Allen Graves is entitled to $69,730.18 for litigation costs that he incurred in relation to this matter.

15. The Court also hereby approves the service payment to the Class Representative Jim Swain in the amount of $15,000.

16. This service payment is awarded for the initiation of this action, work performed, and the risks undertaken as set forth in the moving papers.

17. The Court hereby approves payment of the fees and costs to Kurtzman Carson Consultants LLC, the appointed Settlement Administrator, of up to $38,600 total for all past services rendered and all services to be rendered following Final Approval to complete its duties in connection with the administration of the settlement.

18. The Court hereby approves payment of $5,000 to the California Labor and Workforce Development Agency pursuant to Labor Code §2699 *et seq*.

19. Any separate appeal from the portion of the Judgment regarding the attorney fees and costs awards or the named Plaintiff's service payments shall not operate to terminate or cancel the Settlement Agreement or otherwise affect the finality or enforceability of this Order or the Final Judgment entered upon settlement.

20. The Court directs that within ten (10) days after the Court issues this Order, Defendant shall deliver the amount of One Million Two Hundred Thousand Dollars ($1,200,000) to an account designated by the Settlement Administrator, Kurtzman Carson Consultants LLC.

21. The Court further approves and directs Settlement Administrator Kurtzman Carson Consultants LLC to disburse to those persons and entities set forth below the following sums in the manner set forth hereinafter:

    a. **Attorney Fees**: Within three (3) calendar days of receipt of payment from Defendant, the Settlement Administrator shall wire to The Graves Firm attorney fees in the sum of $375,000.

    b. **Attorney Costs**: Within three (3) calendar days of receipt of payment from Defendant, the Settlement Administrator shall wire to The Graves Firm reimbursement for costs in the sum of $69,730.18.

    c. **Service Payment to Named Plaintiff**: Within five (5) calendar days of receipt of payment from Defendant, the Settlement Administrator shall mail to Class Counsel a service payment check in the amount of $15,000 payable to Class Representative Jim Swain.

    d. **Individual Settlement Amounts**: Within thirty-five (35) calendar days of receipt of payment from Defendant, the Settlement Administrator shall mail to each Class Member who submitted a valid and timely Claim Form a check for that Class Member's Individual Settlement Amount calculated pursuant to the terms set forth in the Joint Stipulation of Settlement and Release previously approved by this Court.

   e.  **LWDA PAG Act Payment**: Within thirty-five (35) calendar days of receipt of payment from Defendant, the Settlement Administrator shall mail to the California Labor and Workforce Development Agency a check in the amount of $5,000.

   d.  **Settlement Administration Fees and Expenses**: After all other distributions described herein have been completed, the Settlement Administrator may pay to itself, Kurtzman Carson Consultants LLC, the amount due for its services in this matter not to exceed $38,600.

22. Each check to a Class Member shall be valid for 180 days from the date of issuance. If a check is not cashed within 180 days of issuance, the check shall be cancelled. The amounts from the cancelled checks shall be donated to a charitable organization mutually selected by the parties.

23. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a final judgment for purposes of FRCP Rule 58.

24. The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the disbursal to the Claimants, payment of the attorney fees and litigation expenses, the service payment to the Class Representative, the payment to Kurtzman Carson Consultants LLC, the final dismissal of this matter, and other issues related to this Settlement. As part of the Final Accounting, and upon a showing that Defendant has made all payments required by this Order, the parties will jointly move for an order dismissing the Complaint in the Action on the merits and with prejudice, and permanently barring all Settlement Class Members from prosecuting any Released Claims against any of the Released Parties.

1        25.    This Court shall conduct a Final Accounting hearing in the above-captioned
2  matter on _____May 24_____, 2013 at  10 : 00   a.m.  Class Counsel shall file a
3  Final Accounting Report no later than _____ May 10_____, 2013.

5  **IT IS SO ORDERED**, November  19 , 2012.

*[Signed: Judge Charles R. Breyer — United States District Court, Northern District of California seal; "IT IS SO ORDERED"]*

REVISED [PROPOSED] ORDER FOR FINAL APPROVAL